UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondant<br>vs.<br>DONNELL EUGENE GILDER, JR.,<br>Petitioner | CASE NO(S):<br>1:16-CR-00107-001<br><br>1:18-cv-02096-TRS-DLP |

FILED OCT 17 PM 2:15 U.S. DISTRICT COURT SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION LAURA A. BRIGGS BY

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 6 GOVERNING 28 U.S.C. § 2255

COMES NOW the Petitioner, DONNELL E. GILDER, JR. in PRO SE, in necessity, and hereby files this Memorandum Brief in support of his motion for Discovery and Production Of Documents pursuant to Rule 6(a) and (b) governing 28 U.S.C. § 2255 proceedings. In support, the Petitioner shows to the Court the following:

Rule 6 of the rules governing 28 U.S.C. § 2255 proceedings entitles litigants to request

discovery process available under the Federal Rules of Civil Procedure, if GOOD CAUSE is shown and the Court exercises its discretion allowing discovery. Federal Rules of Civil Procedure, Rule 26(c) through 36 provides a wide range of discovery devices available which includes but is not limited to: Depositions, Production of Documents or other Physical materials, Physical and Mental Examinations, Requests for Admissions and Interrogatories, Permission to Enter Upon Land or other Property for Inspection or other purposes. The Court may appoint Counsel for indigent prisoners if necessary for effective utilization of discovery. See 18 U.S.C. § 3006A.

GOOD CAUSE for Discovery exists under Rule 6(a) governing Section § 2255 cases ("Habeas Relief") where specific allegations before the Court showed reason to believe that the Petitioner may, if the facts are fully developed be able to demonstrate that he is entitled to relief. See Harris v. Nelson, 394 U.S. 286, 89 S. Ct. 1082,

22 L. Ed. 2d 281 (1969); Bracy v. Gramley, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1998); Payne v. Bell, 89 F. Supp. 2d 967 (W. D. Tenn. 2000).

The Petitioner has attached to this Memorandum Brief a copy of an affidavit, that is attached to his § 2255 motion, detailing the facts concerning the Ineffectiveness of Defense Counsel as they relate to [his/hers/their] failure to investigate the Petitioner's criminal case for possible defenses, to include but not limited to the availability of alibi defense and other exculpatory evidence. Such unprofessional errors and omissions by Defense Counsel constitute Ineffective Assistance of Counsel and warrants an Evidentiary Hearing to resolve the factual dispute. See Valentine v. United States, 488 F. 3d 325, 332-333 (6th Cir., 2007); Griffin v. United States, 330 F. 3d 733, 739 (6th Cir., 2003).

The Petitioner seeks Leave to Conduct Discovery, Production of Documents, and Disclosure from the United States of ALL typed, written, or electronic versions of any and all emails, letters, memos, or any form of communications from the United States Attorney's Office to any Defense Counsel and all other information requested in the Motion and Brief concerning the investigations of this the Petitioner's case. Production and Disclosure of these documents will prove Petitioner's claim that he was denied Effective Assistance of Counsel where Defense Counsel failed to investigate the Petitioner's criminal case for possible defenses and/or failed to communicate to the Petitioner all essential elements of the charged offense against him. See list of all cases here:

1) "In accepting guilty plea, court must comply with Fed. R. Crim. P., Rule 11 and, in particular, address their core concerns by ensuring that: (1) guilty plea is voluntary, (2) defendant understands nature of charges, and (3)

defendant understands consequences of plea." United States v. Bandel-Mena (2006, CA11 Fla) 177 Fed. Appx. 929, cert den. (2006) 549 U.S. 922, 127 S. Ct. 280, 166 L. Ed. 2d 214.

2) "Trial court's failure to explain nature of charge breached defendant's guilty plea... involuntary since elements of statute were never discussed during plea hearings, recital of factual basis was insufficient to satisfy requirement that defendant understand nature of charge." United States v. Lujano-Perez (2001, CA5 Tex) 274 F. 3d 219.

3) "Since guilty plea is more than confession that admits that accused did various acts, but is admission that accused committed crime charged by him, so that by entering guilty plea accused is not simply stating that he did acts described in indictment but is

admitting guilt of substantive crimes, defendant must be instructed in open court on nature of charge to which plea is offered, and plea cannot be truly voluntary unless defendant possesses understanding of law in relation of facts." United States v. Broce, (1989) 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 297, 1989-1 CCH Trade Gases FLW 68393.

4) "Entry of guilty plea waives several constitutional rights and since guilty plea admits all elements of criminal charge, it cannot be truly voluntary unless defendant possess understanding of law as well as facts." Monroe v. United States (1972, CA5 Fla) 463 F. 2d 1032.

5) "District court committed plain error in failing to inform defendant of charge to which he was pleading guilty; district court failed to satisfy

core failed to satisfy core objective that defendant understand nature of charge against him, which constitutes violation of defendant's substantial rights." United States v. Quinones (1996, CA11 Fla) 97 F. 3d 473, 10 FLW Fed. C 478.

6) "Guilty plea is known not and not voluntarily made when defendant has been misinformed about critical elements of charged offense, even when that misinformation is result of appellate court's erroneous prior interpretation of criminal statute; thus, guilty plea... is invalid without informing defendant that knowledge of... essential element of crime." United States v. Brown (1997, CA11 Ga) 117 F. 3d 471, 11 FLW Fed. C 212.

7) "Ordinary contract principles govern plea agreements and there must be meeting of minds on all of its

essential terms, including nature of charge to which defendant is pleading guilty; where both parties are mistaken as to nature of charge against defendant, entire agreement is invalidated; if court rules that some provision of plea agreement is invalid, it must discard entire agreement..." United States v. Bradley (2004, CA7 Ind) 381 F. 3d 841.

Also see United States v. Padilla-Martinez, 762 F. 2d 942 (11th Cir., 1985); Mitchell v. Mason, 325 F. 3d 732 (6th Cir., 2003) ("The pretrial period constitutes a 'critical period' in criminal proceedings because it encompasses Counsel's Constitutionally imposed duty to investigate the case.") United States v. Tucker, 716 F. 2d 576 (9th Cir., 1983) (The defendant was denied effective assistance of counsel where his inexperienced trial attorney did little investigation, little pretrial, and

no impeachment of witnesses.) Harris v. Wood, 64 F. 3d 1432 (9th Cir., 1995) (Although police reports listed approximately 32 persons with knowledge of the murder and Harris told him of others, Anderson interviewed only three witnesses. He did not request an investigator to help interview witnesses." "In addition to finding prejudice from individual deficiencies, the district court concluded that the deficiencies it found were cumulatively prejudicial.") Harris, 853 F. Supp. at 1274. The exact same scenario applies to the defendant in this case at hand.

Defense Counsel thus far has refused to disclose the case file to Petitioner or any correspondance from the United States Attorney's Office and/or previous Defense Counsel concerning any witnesses and/or exculpatory evidence that was known or reasonably should be known to the United States Attorney's Office and Defense Counsel. The Petitioner has repeatedly reminded Counsel

that the cost of such task is paid pursuant to The Criminal Justice Act. Petitioner seeks disclosure of the entire case file in the Defense Counsel's possession, or reasonably could be expected to be in her possession, because it will provide Petitioner with the necessary documentation which supports his claim of Ineffective Assistance of Counsel. Both the law and the American BAR Association recognize that Counsel has a duty not to IMPEDE Petitioner's attempts to challenge his conviction and/or sentence.

   See, ABA Standard for Criminal Justice, Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and possession of unique information regarding possible post-conviction claims, have an obligation to cooperate with their client's attempt to challenge their convictions."); Maxwell v. Florida, 479 U.S. 972, 93 L.

Ed. 2d 418, 107 S. Ct. 474 (1986) ("The right to effective assistance fully encompasses the client's rights to obtain from trial counsel the work file generated during and pertaining to that client's defense. It further entitles the client to utilize materials contained in those files in any proceeding at which the adequacy of trial counsel's representation may be challenged."); Spivey v. Zant, 683 F. 2d 881, 885 (5th Cir., 1982) (Habeas Corpus petitioner is entitled to former trial attorney's file and the work-product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney's representation).

Petitioner seeks to submit the proposed interrogatories and production of documents. The documents being the letter/letters from the United States Attorney's Office and/or previous Defense Counsel concerning

and/or communications concerning the availability of an alibi defense, exculpatory evidence, and all other Brady/Giglio material that the Court ordered the Government to disclose and that the Petitioner can have a reasonable expectation that the United States Attorney's Office did in FACT make Defense Counsel aware of pursuant to Berger supra. Production of these documents and answers to the Interrogatories will provide Petitioner with the necessary proof to support his claim of Ineffective Assistance of Counsel. See Cronic, and furthermore prove that failing to provide Effective Assistance of Counsel prejudiced the Petitioner by denying the Petitioner of his right to present witnesses and evidence that would have proven his "ACTUAL INNOCENCE" if provided to any reasonable juror. See Strickland.

    Petitioner seeks to have all Defense Counsel, all Assistant United States Attorneys, and all (Chief) Drug and Violent Crime Units answer

the attached interrogatories concerning the availability of witnesses, exculpatory evidence, and all other Brady/Giglio materials that the Government provided to Defense Counsel; who has refused disclosure to the Petitioner; and production and disclosure of all written, typed, electronic communication; and/or any other correspondence from the United States Attorney's Office to any and all Defense Counsel concerning materials requested herein.

GOOD' CAUSE is shown because production of the requested documents will establish the validity of Petitioner's Constitutional claim that Defense Counsel provided Ineffective Assistance of Counsel by failing to investigate the Petitioner's criminal case for possible defenses and/or essential elements of the charged offense. See Cronic, Strickland, Harris v. Wood, et. al.

WHEREFORE NOW, above premises considered, the Petitioner hereby MOVES this Court to GRANT Leave to Conduct Discovery and for Production of documents pursuant to Rule 6(a) and (b) of the rules governing § 2255 proceedings.

Done This 14 Day of October, 2018

Respectfully Submitted,

*Donnell Eugene Gilder, Jr. (PRO SE)*
DONNELL EUGENE GILDER, JR., PRO SE
15188-028
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 350 Beaver, WV
25813-0350