UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA

FILED
US DISTRICT COURT
INDIANAPOLIS DIVISION
2018 OCT 26 PM 1:37
SOUTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | CASE NO.(S): 1:18-cv-02096-JRS-DLP |
| vs. | |
| DONNELL EUGENE GILDER, JR., Defendant | ~~1:16CR00107-001~~ |

## MOTION TO COMPEL DEFENSE COUNSEL TO SURRENDER THE CASE FILE IN THE ABOVE STYLED ACTION TO THE DEFENDANT OF THIS CASE

COMES NOW the Defendant, DONNELL EUGENE GILDER, JR. in PRO SE, in necessity, and hereby MOVES this Honorable Court to ISSUE an ORDER, Compelling Defense Counsel of record, Gwendolyn Beitz, to surrender the Case/Work File she created in representing the Defendant. The defendant hereby avers that the portions of his Case/Work File, that he has been denied by Defense Counsel of record, include but are not limited to:

1

1) Reviewable transcripts for appeal advice.
2) All discovery available by Standing Court Order.
3) All Court filings, motions, responses, and orders.
4) All other notes, letters, correspondence, plea agreements, emails, and/or any other tangible thing associated with this case.

The Defendant hereby avers that he intends to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For such motion to be timely, the Defendant must file within one year of his Criminal Conviction becoming final, or from other events according to statute. The records that the Defendant seeks are neccessary for preparation of such pleadings and are the Defendant's property. In support, the Defendant shows the Court the following:

1) The Defendant has made attempts through written requests to Defense Counsel of record in hopes that she would act professionally by responsibly turning over the Case/Work File of

the Defendant to him.

2) To date, Defense Counsel of record, has failed to surrender Defendant's ENTIRE Case/Work File to the Defendant, the Defendant asserts that, based on the FACT that Counsel is CLEARLY aware that the Defendant seeks these records to pursue Post-Conviction Relief, Counsel is attempting to frustrate his (Defendant's) attempts to prepare a meritorious § 2255 motion attacking Counsel's INEFFECTIVENESS during all crucial points of proceedings.

3) The Defendant seeks the ACTIVE PROTECTION of this Court through a Court ORDER directing Defense Counsel of record to surrender the Case/Work File to the Defendant.

4) The Court may ORDER Defense Counsel of record to surrender the Defendant's Case/Work File. First, the Defendant is entitled to the Case/Work File because it was created during the time period that Counsel represented the Defendant. Second, both law and the American BAR Association recognize that

Counsel has a duty not to obstruct the Defendant's attempts to challenge his conviction and/or sentence. See ABA Standards for Criminal Justice, Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to cooperate with the client's attempts to challenge their convictions."); United States v. Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiatt v. Clark, Ky. No. 2005-SC-455-MR (6/15/06). See also Maxwell v. Florida, 479 U.S. 972, 93 L. Ed. 2d 418-420, 107 S. Ct. 474 (1986)("The right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense. It further entitles the client to utilize materials contained in these files in any proceeding at which the adequacy of trial counsel's representation may be challenged.");

Spivey v. Zant, 683 F. 2d 881, 885 (5th Cir. 1982)(Habeas Corpus petitioner is entitled to former trial attorney's file and the work product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney's representation.)

5) Finally, it's clear to Defense Counsel that the Defendant is diligently seeking to obtain his Case/Work File and other Tangible things. Counsel recognizes that the Defendant has a right to his Case/Work File and seems to be attempting to stall the Defendant until his statutory limitation has expired.

WHEREFORE NOW, above premises considered, the Defendant, hereby MOVES this Honorable Court to ISSUE an ORDER compelling Defense Counsel of record to surrender the complete Case/Work File to the Defendant as pertains to the Defendant's Criminal case, furthermore, that Counsel place these materials in large envelopes, CLEARLY MARKED: "LEGAL MAIL, OPEN ONLY IN THE

PRESENCE OF THE INMATE" and mail the large package to:

Done This 23rd Day of October, 2018.
Respectfully Submitted,

*Donnell Eugene Gilder, Jr. (PRO SE)*
DONNELL EUGENE GILDER, JR. (PRO SE)
15188-028
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 350
Beaver, WV 25813

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy of this foregoing instrument upon the Clerk of this Court, via properly addressed U.S. mail, with first-class postage prepaid affixed thereto, by placing into the internal mailing system as made available to inmates for legal

mail, at the Federal Correctional Institution Beckley. The Defendant further requests that a copy of this his motion be forwarded to all interested parties via the CM/ECF system, as he is detained, indigent, and has no other means.

Done This 23rd Day of October, 2018.
Respectfully Submitted,

*Donnell Eugene Gilder, Jr.* (PRO SE)
DONNELL EUGENE GILDER, JR. (PRO SE)
15188-028
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 350
Beaver, WV 25813