FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2019 JAN -7 PM 4:36
SOUTHERN DISTRICT

**AMENDED**

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

JMS
1:18CV2096 ~~SPS~~ -DLP

| United States District Court | District Southern District of Indiana |
|---|---|
| Name (under which you were convicted): Donnell Eugene Gilder, Jr. | Docket or Case No.: 1:16CR00107-001 |
| Place of Confinement: P.O. Box 350 FCI Beckley Beaver, WV 25813 | Prisoner No.: 15188-028 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. Donnell Eugene Gilder, Jr., Pro Se | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court, Southern District of Indiana, U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204
   (b) Criminal docket or case number (if you know): 1:16CR00107-001
2. (a) Date of the judgment of conviction (if you know): Plead guilty March 13, 2017.
   (b) Date of sentencing: July 10, 2017
3. Length of sentence: 420 Months & 1 Day.
4. Nature of crime (all counts): Count 1,2,3,4,5,6,7,8,9,10,11 charged with Interference with Commerce by Robbery (18 U.S.C. § 1951), Count 12,13,14,15,16,17,18,19,21 charged with Brandishing a Firearm During a Crime of Violence (18 U.S.C. § 924(c)), Count 20,22 charged with Discharging a Firearm During a Crime of Violence (18 U.S.C. § 924(c)).
5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Plead guilty to Count 9 & 11, Interference with Commerce by Threats or Violence (18 U.S.C. § 1951(a)), Count 20 & 22 Knowingly Discharge a Firearm During and in relation to a crime of Violence (18 U.S.C. § 924(c)(1)(A)(iii)).
6. If you went to trial, what kind of trial did you have? (Check one) N/A   Jury ☐   Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒
9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A
       (3) Date of result (if you know): N/A
       (4) Citation to the case (if you know): N/A
       (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

**N/A** Yes ☐ No ☐

(7) Result: **N/A** _____

(8) Date of result (if you know): **N/A** _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: **N/A** _____

    (2) Docket or case number (if you know): **N/A** _____

    (3) Date of filing (if you know): **N/A** _____

    (4) Nature of the proceeding: **N/A** _____

    (5) Grounds raised: **N/A** _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

**N/A** Yes ☐ No ☐

(7) Result: **N/A** _____

(8) Date of result (if you know): **N/A** _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐ No ☒

    (2) Second petition:    Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

**N/A** _____
_____
_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Petitioner Gilder received Ineffective Assistance of Counsel. See: Strickland v. Washington, 466 668 (1984).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner Gilder respectfully submits that when trial counsel induces his/her client to plead guilty based on patently erroneous and incorrect advice rendered to him, such being the scenario in the instant case, when there is nothing in the record to demonstrate that petitioner had an understanding of the exact nature of the offense(s) charged, or the factual basis for it. Thus, the plea must be construed and viewed upon as invalid since, on such record it was neither knowing or intelligently made as a direct result of the information provided to him by defense counsel. See United States v. Carter, 454 F. 2d 428 (4th Cir. 1987).

(b) **Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
N/A   Yes ☐ No ☐
(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?
N/A   Yes ☐ No ☒
(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
N/A   Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

N/A   Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

N/A   Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND TWO:** 28 U.S.C. §924(c) Unconstitutionally Vague.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Statute does not clarify that the 25 year mandatory minimum sentence for a second or subsequent offense of possessing firearms in the course of a crime of violence Only applies when the prior §924(c) conviction is already Final prior to the comission of a new §924(c) offense. This ambiguity confused petitioner and he ultimately recieved 420 months and 1 day on his first felony offense.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

N/A   Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

N/A   Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A


(3) Did you receive a hearing on your motion, petition, or application?

N/A   Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

N/A   Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

N/A   Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A




GROUND THREE: New Law - First Step Act; §924(c) "stacking" for first time offenders.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The new Bill (First Step Act), signed into Law December

of 2018, clarifies that the so called "stacking" mechanism making it a federal crime, like a drug offense, should apply only to individuals who have previously been convicted. The 25 year sentencing enhancement is meant to target repeat offenders. This is Petitioner Gilder's first and only time being indicted under 28 U.S.C. § 924(c).

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
N/A Yes ❏ No ❏

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
N/A Yes ❏ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
N/A Yes ❏ No ❏

(4) Did you appeal from the denial of your motion, petition, or application?
N/A Yes ❏ No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
N/A Yes ❏ No ❏

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND FOUR: Petitioner Gilder's sentence violates the Sixth Amendment. See Alleyne v. United States, 570 U.S. 99, 133 S Ct. 2151, 186 L. Ed. 2d 435 (2000)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Gilder respectfully submits that raising his mandatory minimum sentence based on a sentencing judge's finding that he discharged a firearm would violate his Sixth Amendment right to jury trial. Whatever the proper reach of the Apprendi rule, it is now beyond dispute that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt. See Apprendi v. United States, 530 U.S. at 490 (2000).

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?
N/A  Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
N/A  Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
N/A Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
N/A Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
N/A Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The grounds and issues set forth herein have NOT been previously submitted or filed in any motion or in any court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒ N/A
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: N/A

    (b) At arraignment and plea: Gwendolyn M. Beitz, Esq., 111 Monument Circle, Suite 3200, Indianapolis, IN 46204

    (c) At trial: N/A

    (d) At sentencing: Gwendolyn M. Beitz, Esq., 111 Monument Circle, Suite 3200, Indianapolis, IN 46204

    (e) On appeal: N/A

    (f) In any post-conviction proceeding: N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This entry is an amended version of a previously filed petition and is filed in a timely manner. Judge James R. Sweeney, II, United States District Court Judge for the Southern District of Indiana, granted petitioner through January 7, 2019, to file an amended petition. This amended version of petition does not include a memorandum brief.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>correct and re-sentence under the grounds presented, particularly under the First Step Act.</u>
or any other relief to which movant may be entitled.

(PRO SE)
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>1st January</u> <u>2 2019</u> (month, date, year).

Executed (signed) on <u>1/2/19</u> (date).

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JARROD BALLARD
1600 INDUSTRIAL PARK ROAD
BEAVER, WV 25813
My commission expires March 16, 2021

Signature of Movant

My Commission Expires March 16, 2021

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. <u>N/A</u>

* * * * *