UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2019 APR 22 PM 4:22

SOUTHERN DISTRICT

DONNELL E. GILDER, JR.,  )
        Petitioner,  )
                        )   Cause No: 1:18-cv-2096-JMS-DLP
VS.  )
                        )
UNITED STATES OF AMERICA  )
        Respondent.  )

**MOTION TO CORRECT SUBJECT MATTER AND/OR CLARIFY CLAIMS**

    COMES NOW Petitioner in Pro Se and hereby request that the Honorable Court allow him to clarify his claims to avoid any miscarriage of justice and undue prejudice. Petitioner is a layman of the law and as such his arguments are open to interpretation by the Court and opposing party. With interpretation comes the chance of misinterpretation which Petitioner would like a chance to correct and/or clarify in the pursuit of justice and fairness.

**CLAIMS**

    Ineffective Assistance of Counsel -- Respondent's assert that "Gilder primarily claims that his attorney was ineffective prior to Gilder's plea agreement". Doc. 20 p. 1. (Id.) This is incorrect. Upon inspection of Petitioner's original § 2255 Petition on page 5 under supporting facts it states in part "There are several issues...[t]hese range from 5th and 6th Amendment violations, to inadequate assistance in the pre and post sentencing procedures".

Petitioner's stance on Ineffective Assistance of Counsel (IAC) are and/or were as follows: (1) Failure to Investigate Mitigating Factors in Relation to Conviction and Sentencing (such as evidence that Petitioner did not commit all robberies), (2) Failure to Act as an Adversary (accepted initial plea without any resistance or consideration), (3) Failure to Motion for Suppression in the early pre-trial stages, and (4) Failure to File a Direct Appeal (Petitioner requested an appeal to address several issues primarily the issue of Stacking § 924(c) and Vagueness).

It's clear that the Respondent addressed some of these issues but not in the correct context. Petitioner asserts that Defense Counsel should have addressed the suppression in the early stages of pre-trial thereby advoiding any issue of negating a plea agreement. It is well understood that there is not or should not be any inherent risk of vindictiveness raised by defendant's pursuit of various pretrial rights including the right to seek to suppress evidence. The [Goodwin] Court noted that "a defendant before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense.... it is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." United States v. Goodwin, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982).

Defense Counsel knowing and understanding the principals outlined in Goodwin had ample opportunity to move to suppress with minimal risk of running afoal of the prosecution. Petitioner was prejudiced by Defense Counsel's failure to suppress evidence early in the pre-trial phase. The Government would have proposed a more favorable plea rather than litigate the merits of the suppression.

Also of concern is the lack of moving to suppress only lent strength to the prosecutor's position and diminished any chance of defense. In light of United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)(Counsel must be an advocate and not merely a friend of the court). If Counsel would have filed a suppression the jury and/or a jurist would have granted the suppression of testimony which serves as the basis of the consecutive 924(c) stacking of charges.

Defense Counsel as a expert of the law is able to form a cognizable argument in light of the fact that the prosecution only had physical evidence in relation to one count as charged. Again this could and/or would have been used as a bargining tool or means to form a defense. Defense Counsel never provided any defense for Petitioner and cause Petitioner to suffer from over incarceration and consecutive sentences. In violation of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and Cronic, 466 U.S. 648, (Id.) (holding that prejudice can be assumed when counsel fails to provide a defense).

Mitigating Evidence -- Petitioner asserted several times to Defense Counsel that he was coached through out his testimony by the interviewing detectives. Furthermore he informed Defense Counsel that his cell phone records would prove that it's impossible for him to have committed all of the crimes as charged. Currently Petitioner is without a Docket Sheet or any Trial Transcripts. He is unable to articulate the exact dates and times of these communications with out the Trial Transcripts and Docket Sheets to use as reference. Certainly this information should be and/or is in Defense Counsel's Work Product. Petitioner asserts that he notified Defense Counsel at their initial meeting that he did not committed all the crimes as charged.

In light of mitigating and or exculpatory evidence in the form of cell records and other "known" suspects in these charges, Defense Counsel neglected her duties. In such cases prejudice can be presumed in light of <u>Cronic</u>, 466 U.S. 648 (<u>Id.</u>). Faced with additional charges all carrying mandatory consecutive terms of imprisonment is a clear prejudice because it exposed Petitioner to additional incarceration. Furthermore such actions effect Petitioner's decision making in whether to accept a plea or go to trial. Under the threat of a harsher plea and/or an enhanced sentence Petitioner was coerced into a unfavorable plea. As the case with most 924 (c) cases. See, <u>Harris v. Thompson</u>, 698 F. 3d 609 (7th Cir. 2012) holding that (Counsel's failure to discover and present exculpatory evidence that is reasonably available can cons-

titue[s] deficient performance). See also, <u>Davis v. Lambert</u>, 388 F. 3d 1052, 1064, 1063 (7th Cir. 2004).

Failure to File Direct Appeal -- Petitioner asserts that he had a right to file a Direct Appeal and Defense Counsel refused his request. Petitioner requested Defense Counsel to do so several times and brung it to her attention. This occurred after the hearing on the Plea agreement and right before sentencing. Petitioner also wrote letters on the issue. Defense Counsel refused to do so because of the plea agreement. But none the less, Defense Counsel as a expert of the law was very capable of filing a simple application for appeal with cognizable claims that may or may not have been waived.

It is well settled that all claims for appeal can not be waived. Even if the plea agreement says such. Claims relating to Prosecutorial Misconduct, Jurisdiction, Ineffective Assistance of Counsel can not be waived. As such Counsel could have articulated a claim for Petitioner. In light of <u>Garza v. Idaho</u>, 138 S. Ct. 2649, 201 L. Ed 1048, U.S. LEXIS 3713, No. 17-1026 (2018) holding that (lawyer rendered deficient performance by refusing to file an appeal, despite his client's repeated requests). In such cases can be presumed because Petitioner had every right to an appeal in which case he could have been afforded an opportunity to a reduction of his sentence.

First Step Act -- Respondent's misconstrue Petitioner's argument in light of the First Step. Petitioner does request

the Court to consider the First Step Act and to resentence him in light of it. But the Respondent's take the position of attempting to restrict the Court to the date of Petitioner's sentencing of July 10,2017. The First Step Act does apply to if "the sentence for the offense has not been imposed as of the date of enactment." Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5222 (2018). But there is no clear definition of "date of sentence imposed".

The Court has wide discretion when applying a sentence. If a sentence is set aside or re-imposed there are no limitations on a Courts discretion to apply the sentencing factors of the First Step Act. See, Pepper v. United States, 562 U.S. 476, 506, 131 S. Ct. 1229, 1241-42, 179 L. Ed. 2d 196 (2011) (holing that the sentencing framework of § 3553 (a) applies both at a defendant's initial sentencing and at any subsequent resentencing). Because a criminal sentence is a package composed of several parts, "when one part of the package is disturbed, we prefer to give the district court the opportunity to reconsider the sentence as a whole so as to 'effectuate it's sentencing intent'."" United States v. Mobley, 833 F. 3d 797, 801 (7th Cir. 2016).

If remanded for the imposition of a new sentence for Petitioner this will allow the district court to "reconfigure the sentencing plan" to "satisfy the sentencing factors in 18 U.S.C. § 3553 (a), See, Pepper, 131 S. Ct. 1229 (Id.), See also Greenlaw v. United States, 554 U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008). As such the Court has every authority if it so chooses to remand in light of Pepper and the First Step

Act and sentence accordingly.

924(c) Claims -- Petitioner did and does claim that 924 (c) is vague and does not apply to his case as charged. Furthermore, Petitioner beleives and asserts that the predicate offense that supports his 924(c) cases do not qualify as a crime of violence and such are without jurisdiction to impose such an enhanced sentence. 18 U.S.C. § 1951(a) is not listed as a crime of violence under The First Step Act nor is Interference With Commerece defined as a Crime of Violence with in 18 U.S.C. section 16. See, Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In the case of United States v. Simms, 2019 U.S. App. LEXIS 2341, No.15-4640 (4th Cir. 2018)(holding the residual clause of the definition for a "crime of violence" in 18 U.S.C.S. § 924(c)(3)(B) is unconstitutionally vague because it requires court to imagine idealized ordinary case of crime while providing no guidance on how to do so and then to assess its speculation using vague standard of "substantial risk".) In the case of United States v. Davis, Supreme Court Case No. 18-431(petition for cert filed Oct. 3, 2018 and granted) (Argues that the use of the ordinary-case categorical approach in 924(c) cases is at odds with everyone).

At hand is the issue of wether a 924(c) can be applied conduct-specific, case-specific or the hypothetical ordinary-cae categorical approach. Regardless of which the Supreme Court decides on, the decision is likely to have an impact on the this instant case.

Apprendi -- Respondent is of the position that this claim could have been raised on Direct Appeal and we agree. That's why this claim is valid under IAC. Since Petitioner is a layman of the law he requests that the Court lend merit to this argument because it is of significance and not to do so would undermine the fairness of this proceeding. Apprendi, applies to the finding of a fact that increases the penalty of a crime beyond the statutory maxium. In this case the statutory maxium for 18 U.S.C. 1951(a) is 20 years (or 240 months). Petitioner was sentenced to 420 months is almost double that of the statutory maxium. Clearly Appreni applies and/or could have been used as mitigation during sentencing. Petitioner has been prejudiced by this sentencing error and lack of defense by Defense Counsel at a critical stage of Trial.

## CONCLUSION

The Petitioner in Pro Se who is a layman of the law respectfully moves this Court to Allow him to clarify his Claims and/or Position. Furthermore, Petitioner beleives that Respondent's should be allowed to address any misunderstandings for a fair. Petitioner request the appointment of Counsel and a Hearing to resolve these claims. It would benefit all parties to traverse these Claims, Motions, and Stay any decision pending the outcome of Davis, S. Ct. (2018). Petitioner requests that any filings be decided **other than** Doc. 20 (Motion for Summary Dismissal). As there being conflicting evidence Motion for Summary Dismi-

ssal is not warranted.


Respectfully Submitted,

/s/ *Donnell E. Gilder, Jr.*
Donnell E. Gilder, Jr., PRO SE
Federal Correctional Institution Beckley
P.O. BOX 350
Beaver, WV 25813

## Certificate Of Service

I, Donnell E. Gilder, Petitioner, Certify that I placed this motion and all foregoing attachments in the Prison MailBox System to be mailed to the Parties listed be low, on this Date: 4/16/19 . /s/ *Donnell E. Gilder, Jr.*
Donnell E. Gilder, Jr.

U.S. Department of Justice
United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

U.S. District Court Clerk
46 East Ohio Street
Room 105
Indianapolis, IN 46204