UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNELL E. GILDER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:18-cv-02096-JMS-DLP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Donnell E. Gilder, Jr., for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## II. Factual Background

Gilder was charged in a twenty-two count indictment with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") (Counts 1 through 11); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 12-19 and 21); and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 20 and 22). Crim. Dkt. 15.

On April 16, 2016, Gilder robbed a Speedway Gas Station in Indianapolis, Indiana. Presentence Investigation Report, Crim. Dkt. 51 at 10. He admitted to law enforcement officers that he fired his handgun while inside. *Id.* He stole $136. *Id.* These facts established the basis for Counts 9 and 20. *Id.*

Eleven days later, Gilder robbed another Speedway in Indianapolis. *Id.* at 11. A clerk from the store was smoking outside when she noticed Gilder sneaking up on her. *Id.* She ran for the store and attempted to lock the doors. *Id.* Gilder chased the clerk, but fell outside the business's doors. *Id.* at 12. He stood up and shot a round from his handgun through the door. *Id.* The clerk ran to the freezer area of the store to hide. *Id.* Gilder picked up the spent shell casing and entered the Speedway. *Id.* at 13. Surveillance footage captured this robbery. *Id.* After a pursuit, Gilder was apprehended with one 9-millimeter handgun magazine. *Id.* at 14. A semi-automatic handgun was later located near the location that Gilder was apprehended. *Id.* at 15. These facts established the basis for Counts 11 and 22. *Id.* at 11-15.

Gilder, while brandishing a firearm, participated in nine additional robberies between February 29, 2016 and April 27, 2016. *Id.* at 16.

On March 13, 2017, a petition to enter a plea of guilty and plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), where Gilder pled guilty to Counts 9, 11, 20, and 22. Crim. Dkt. 43. The United States agreed to dismiss the remaining counts. *Id.* at 2. The United States also agreed to request a sentence at the low end of the guideline range, while Gilder could request a lower sentence. *Id*. at 9. The parties stipulated and agreed to the factual basis supporting the convictions. *Id.* at 18.

The 2016 Sentencing Guidelines Manual, incorporating all guideline amendments, was used to calculate Gilder's sentencing guidelines. Crim. Dkt. 51 at p. 7. Gilder's total offense level was 24, his criminal history category was I, and his guideline range was 51 to 63 months for Counts 9 and 11. *Id.* at p. 16. As to Counts 20 and 22, consecutive minimum sentences of 10 and 25 years were statutorily required pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). *Id.*

Gilder waived his right to appeal his conviction and sentence imposed on any ground, and his right to seek collateral review under § 2255. Crim. Dkt. 43 at 23-24. The § 2255 waiver did not encompass claims of ineffective assistance of counsel. *Id.* at 24.

On July 10, 2017, the Court accepted Gilder's plea agreement and sentenced Gilder to 420 months and one day of imprisonment, to be followed by three years of supervised release. Crim. Dkt. 55. As to Counts 9 and 11, Gilder was sentenced to one day per count, concurrent. He was sentenced to 120 months imprisonment on Count 20, consecutive to all counts, and 300 months imprisonment on Count 22, consecutive to all counts. Crim. Dkt 56 (Judgment). The government moved to dismiss the remaining counts and the Court granted the motion.

Gilder did not appeal his conviction or sentence, but on July 10, 2018, he filed a motion to vacate under § 2255. An amended motion was filed January 7, 2019. Dkt. 14. The United States responded and Gilder filed a reply.

### III.     Discussion

Gilder raises four grounds for relief: (1) his attorney was ineffective in advising him to enter into the plea agreement; (2) he challenges his § 924(c) convictions as unconstitutionally vague; (3) he claims that his sentence violates the Sixth Amendment; and (4) he seeks a sentence reduction under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Dkt. 14. Each of these grounds for relief is discussed separately. In ruling on this action, the Court considered the arguments raised in the amended motion for relief pursuant to § 2255, dkt [14], the United States' response filed March 28, 2019, dkt [20], and Gilder's reply brief, dkt [28]. *See* dkt 27.

### A. Ineffective Assistance of Counsel

Gilder contends that his trial counsel was ineffective. Specifically, he asserts that his attorney advised him to plead guilty based on incorrect advice and failed to explain the nature of the offenses charged or the factual basis for those charges. Dkt. 14 at p. 4.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of

4

the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Gilder argues that his attorney rendered ineffective assistance of counsel by erroneously advising him to plead guilty. In the context of a plea, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

Gilder has not identified any information that was given to him that was flawed or erroneous, nor has he identified any misunderstanding regarding the sentence he faced. Gilder argues that his attorney should have moved to suppress evidence from his police interview, but the record would not support such a motion. In particular, Gilder was informed of his rights and voluntarily chose to waive them as evidenced by the Indianapolis Metropolitan Police Department's Advice of Rights and Waiver Form signed by Gilder on April 27, 2016. Dkt. 20-1. In addition, it is unlikely the suppression of the confession would have changed counsel's plea recommendation, due to the strength of the government's case. Under these circumstances, Gilder's counsel was not ineffective for declining to file a motion to suppress.

Next, Gilder's claim that dismissal of 18 counts charged in the indictment did not benefit him is frivolous. Gilder states that he was informed that if he pled guilty, he could receive a

5

sentence of 35 years (the statutory minimum for counts 20 and 22) and if he went to trial he would likely receive a life sentence. *See* Dkt. 28 at p. 6. This is not erroneous advice. Gilder's counsel did not provide deficient advice by advising Gilder of the law in effect at the time.

In addition, Gilder's claim that he was unaware of the nature of his offense and that his plea was not knowingly or voluntarily made, is belied by the overwhelming evidence of his guilt and the statements he made at the plea and sentencing hearing. Crim. Dkt. 63 (transcript). In addition to Gilder's own recorded confession to police during an interrogation, the government had eyewitness testimony from robbery victims, officer testimony detailing Gilder's flight from police before arrest, and surveillance video of one of Gilder's robberies, which included footage of him discharging a firearm at the gas station clerk. Crim. Dkt. 47 at 5.

Finally, a defendant's sworn statements in a Rule 11 colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant who claims his plea was not made knowingly and voluntarily, contrary to his assertions at the Rule 11 colloquy, faces a heavy burden of persuasion. *United States v. Standiford*, 148 F.3d 864, 868-69 (7th Cir. 1998). During Gilder's plea and sentencing hearing, Gilder affirmed his understanding of the four counts to which he pled guilty, the elements the government would have needed to prove at trial for each offense, and the guideline range for each offense, as well as the many other rights Gilder was waiving and potential consequences of his waiver. At no point did Gilder display confusion or a lack of understanding regarding the plea process. The record in no way reveals a reasonable probability that Gilder would have chosen to go to trial had he better understood the plea deal.

Gilder knowingly and voluntarily pleaded guilty. He is not entitled to any relief based on a claim of ineffective assistance of counsel.

### B. Constitutional Claims

Next Gilder claims that he is entitled to relief because 28 U.S.C. § 924(c) is unconstitutionally vague and his Sixth Amendment right to a jury trial was violated.

Title 18 U.S.C. § 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The Supreme Court has explained:

> The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
>
> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States v. Davis,* 139 S. Ct. 2319, 2324 (2019). *Davis* and *United States v. Cardena,* 842 F.3d 959 (7th Cir. 2016) hold that the residual clause, § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. "After *Davis*, a § 924(c) conviction based on a crime of violence is valid only under the statute's 'elements clause,' which treats as crimes of violence only crimes that have as an element the actual, attempted, or threatened use of force." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020).

In response, the United States argues that this claim is barred by the plea waiver and procedurally defaulted. In reply, however, Gilder argues that because *Cardena* was decided before he pled guilty, his attorney was ineffective for failing to argue that the § 924(c) conviction was unconstitutionally vague.

7

Even framed as an ineffective assistance of counsel claim, Gilder is not entitled to relief. In this case, the underlying "crime of violence" alleged was Hobbs Act robbery. The robbery of the Speedway Gas Stations plainly violated the Hobbs Act, which the Seventh Circuit has held qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (collecting cases); *accord, Haynes v. United States*, 936 F.3d 683,690 (7th Cir. 2019). This is because it includes the use, or threatened use of physical force against the person or property of another. § 1951(b) (defining robbery). His Hobbs Act robberies therefore constitute valid predicate crimes of violence for the purposes of Gilder's convictions. Accordingly, Gilder's counsel was not ineffective for failing to challenge the constitutionality of the § 924(c) convictions.

Gilder's remaining constitutional claim is that the Court improperly found that he discharged a firearm in violation of his Sixth Amendment right to a jury trial. In *Apprendi v. New Jersey*, the Supreme Court stated the Due Process Clause entitles defendants to a decision by the trier of fact using the reasonable doubt standard on any fact that increases the statutory maximum penalty. 530 U.S. 466, 490 (2000). But Gilder pleaded guilty. "[B]y pleading guilty, he waived any right to a jury trial and may not contend on appeal that any particular issue should have been submitted." *United States v. Parker*, 245 F.3d 974, 977 (7th Cir. 2001); *see also United States v. Henderson*, 16 F. App'x 487, 490 (7th Cir. 2001) (holding no *Apprendi* violation when government charged amount of drugs in the indictment and the defendant later pled guilty). Therefore, Gilder's Sixth Amendment violation claim has no merit because there was no *Apprendi* violation.

### C. First Step Act Claim

Gilder seeks a reduction in his sentence based on the First Step Act. More than a year after Gilder's conviction and sentence were finalized, Section 403 of the First Step Act of 2018 (the "First Step Act""), Pub. L. No. 115-391, 132 Stat. 5194, (2018), was passed. Section 403 is not retroactive. When Gilder was sentenced, 18 U.S.C. § 924(c)(1)(C)(i) (2006) provided, "In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years[.]" In 1993, the Supreme Court held in *Deal v. United States*, 508 U.S. 129, 131–37 (1993), that the 25-year mandatory minimum for a "second or subsequent conviction" attached not only when a defendant was convicted of an offense and was later convicted of another offense, but also when a defendant was convicted of multiple offenses in the same proceeding, like Gilder.

Signed into law on December 21, 2018, § 403 of the First Step Act—labeled "Clarification of Section 924(c) of Title 18, United States Code"—limited the application of § 924(c)(1)(C) by replacing "second or subsequent conviction under this subsection" with "violation of this subsection that occurs after a prior conviction under this subsection has become final." 132 Stat. at 5221–22; *see also United States v. Hunt*, 793 F. App'x 764, 766 (10th Cir. 2019). "Instead of automatically triggering a 25-year sentence for a second or subsequent § 924(c) conviction, § 403(a) of the First Step Act requires the existence of 'a prior [§ 924(c)] conviction . . . [that] has become final[.]'" *Hunt*, 793 F. App'x at 766 (quoting 132 Stat. at 5221–22 (First Step Act, § 403(a)). Therefore, if Gilder had committed his crimes today, he would not have been subject to the mandatory 25-year minimum for the second offense because it was charged in the same indictment as the first.

9

Unfortunately for Gilder, however, he was properly sentenced under the law in effect at the time of his sentence and Congress declined to make § 403 retroactive. Section 403, which covers § 924(c) offenses, makes clear the amendments to apply to offenses committed before the Act was enacted only if "the sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5222 (2018). Gilder's sentencing occurred on July 10, 2017, far before the First Step Act's enactment date of December 21, 2018. Accordingly, the First Step Act is not applicable to this case and counsel's performance in calculating Gilder's statutory minimum sentence was not deficient. No relief is warranted on this basis.

### IV. Conclusion

For the reasons explained in this Entry, Gilder is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:16-cr-00107-JMS-MJD -1.** The motion to vacate, crim. dkt. [62], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Gilder has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial

of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/5/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DONNELL E. GILDER, JR.
15188-028
BECKLEY - FCI
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 350
BEAVER, WV 25813

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov